# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:05cr94 |
| | § | (Judge Schell) |
| JAMES FREDRICK PATE II (3) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 22, 2013, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Mandy Griffith.

On November 3, 2005, Defendant was sentenced to sixty (60) months' custody followed by four (4) years of supervised release for the offense of Conspiracy to Manufacture, Distribute or Possess with Intent to Manufacture, Distribute or Dispense. On July 9, 2009, Defendant's supervised release began.

On August 5, 2010, the U.S. Probation Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory conditions: (1) the defendant shall not commit another federal, state, or local crime; and (2) the defendant shall not unlawfully possess a controlled substance. The petition also alleged the violations of the following standard conditions: (1) the defendant shall not leave the judicial district without permission of the Court or probation officer; (2) defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3)

the defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month; and (4) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. The petition also alleges a violation of the following special condition: defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

The petition alleges that Defendant committed the following acts: (1) On January 25, 2010, Defendant was arrested by Denton Police Department for Possession of a Controlled Substance and Tampering with or Fabricating Physical Evidence. Defendant was released on bond; (2) On July 31, 2010, Defendant was contacted by the Corpus Christi Police Department regarding an assault complaint reported by an individual at the Comfort Suites in Corpus Christi. Upon conducting a criminal record check of the Defendant, it was discovered that Denton Police Department had an active warrant for Defendant. Defendant was then arrested and did not have permission to be in Corpus Christi; (3) Defendant failed to report to the U.S. Probation Office on February 3, 2010, and he failed to submit written monthly report forms for January, February, March, April, May, and June 2010; (4) Defendant failed to notify the U.S. Probation Office of his arrest on January 25, 2010, by the Denton Police Department; and (5) On February 4, 2010, Defendant was unsuccessfully discharged from McCary Counseling Services, a substance abuse treatment facility in Denton, Texas.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the violations. The Court recommends that Defendant's supervised release be revoked.

## **RECOMMENDATION**

The Court recommends that the District Judge revoke Defendant's supervised release. The

Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, to be served consecutively to any sentence of imprisonment that the Defendant is serving, with thirty-eight (38) months of supervised release to follow.

The Court further recommends the following conditions:

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring fine payments and his efforts at maintaining lawful employment.

The defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing.

Defendant and the Government also waived their right to file objections.

**SIGNED this 28th day of April, 2013.**


AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE